## AUTHORIZED DEALERS, INC v TEASDALE CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4112. Decided May 31, 1932

J. Lewis Homer, Galion, for plaintiff in error.

Edward Lee Meyer, Cincinnati, and August Rendigs, Jr., Cincinnati, for defendant in error.

HAMILTON, J.

Upon request, the trial court made separate findings of fact and conclusions of law.

There is some question suggested as to the capacity of the plaintiff to maintain the action, which is not stressed here and is not considered.

The pertinent part of the findings of fact of the trial court is as follows:

"A motion having been filed for a finding of fact and conclusion of law, the court,

considering the testimony of the two agents for plaintiff company, finds that the accident happened at the time and place mentioned in plaintiff's petition and defendant's answer; that the plaintiff's agent operating the car stopped at the north side of the intersection, looked to his left; saw the defendant's car approaching at approximately thirty-five miles per hour; that when plaintiff's agent stopped and first saw the defendant's car, the latter was One Hundred feet away from him; that thereafter he shifted gears, started his car and proceeded out into the intersection when the machines collided, the two machines continuing on to the south west corner of the intersection. The court further finds that defendant's car swerved to the left or south as it entered the intersection and that the machines collided approximately in the center of the streets."

Upon this finding, the trial court entered judgment for the defendant, presumably on the ground that the facts raised the presumption of contributory negligence on the part of the driver of the plaintiff's automobile. However that may be, the facts as found by the trial court in no wise support its judgment for the defendant. Under the law, the driver of the plaintiff's car had the undoubted right of way. Under the facts, as found by the trial court, he was at all times operating his car in a lawful manner and did no negligent act contributing to the collision.

On the facts as found the judgment should have been for the plaintiff.

The amount of damage claimed in the bill of particulars is the sum of $332.00, and this amount was established in the evidence and is not disputed.

Since the judgment should have been for the plaintiff on the finding of fact, and the amount of the damage not being in dispute, this court will enter the judgment that the trial court should have entered.

The judgment of the Municipal Court of Cincinnati and the judgment of the Court of Common Pleas of Hamilton County, affirming that judgment, will be reversed, and judgment will be entered in favor of the plaintiff in error in this court in the sum of $332.00 and costs.

ROSS, PJ, and CUSHING, J, concur.